UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLBRIN K. MAHAN,<br><br>    Plaintiff,<br><br>    v.<br><br>JOSEPH A. KATZ,<br><br>    Defendant. | No. 2:25-cv-3407 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a county inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer.

I.    Application to Proceed In Forma Pauperis

Plaintiff has filed an incomplete motion for leave to proceed in forma pauperis. ECF No. 2. However, rather than require plaintiff to submit a complete application, the court will instead recommend denial of the motion and dismissal of the complaint without leave to amend for failure to state a claim. See Tripati v. First Nat'l Bank & Tr., 821 F.2d 1368, 1370 (9th Cir. 1987) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.").

II.    Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A

1  claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v.
2  Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on
3  an indisputably meritless legal theory or factual contentions that are baseless.  Id. at 327.  The
4  critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable
5  legal and factual basis.  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by
6  statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

7  In order to avoid dismissal for failure to state a claim a complaint must contain more than
8  "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a
9  cause of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007).  In other words,
10 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
11 statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the
12 court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial
13 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
14 inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citation
15 omitted).  When considering whether a complaint states a claim, the court must accept the
16 allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the
17 complaint in the light most favorable to the plaintiff, Jenkins v. McKeithen, 395 U.S. 411, 421
18 (1969) (citations omitted).

19 III.  Complaint

20 The complaint alleges that defendant, a deputy public defender,[1] provided ineffective
21 assistance of counsel in his representation of plaintiff.  ECF No. 1.  Plaintiff seeks compensatory
22 damages for the violation of his rights and appears to seek to have defendant pay the costs of his
23 defense in his criminal case.  Id. at 3.
24 ////

---

[1] In the "Defendants" section of the complaint plaintiff lists Jonathan Miller, an employee of the San Joaquin County Jail, as a defendant.  ECF No. 1 at 2.  However, it appears that plaintiff mistakenly believed that this section was a continuation of the "Previous Lawsuits" section in which he identified a separate case that is proceeding in this court against Jonathan Miller.  See id. at 1-2; see also Mahan v. Miller, No. 2:25-cv-3112 EFB (E.D. Cal.).  All allegations in the complaint refer to the alleged failures of his public defender.  ECF No. 1 at 1, 3.

### IV. Failure to State a Claim

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). In determining whether a public defender was performing a lawyer's traditional functions, the court looks at whether counsel was "acting under the ethical standards of a lawyer-client relationship" and whether they would be held to the same duties and obligations if privately retained. Miranda v. Clark County, 319 F.3d 465, 468 (9th Cir. 2003).

In this case, plaintiff identifies Katz as a public defender and the claims against him are that he was deficient in carrying out his duties as appointed counsel. ECF No. 1 at 1, 3. Because plaintiff's allegations are about Katz' actions in representing plaintiff in a criminal case, Katz was not acting under color of state law. This means that plaintiff cannot bring a claim against defendant Katz under § 1983. Furthermore, any potential claims for legal malpractice do not come within the jurisdiction of the federal courts. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). For these reasons, the claims against defendant Katz, which are the only claims presented in the complaint, should be dismissed without leave to amend.

### V. No Leave to Amend

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted and that given the nature of the claims, amendment would be futile. The complaint should therefore be dismissed without leave to amend.

////

3

     VI.    <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

It is being recommended that your motion for leave to proceed in forma pauperis be denied and your complaint be dismissed without leave to amend because your allegations do not state any claims for relief and it does not appear the problems can be fixed.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) be DENIED.

2. The complaint be DISMISSED without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 2, 2025

                                              */s/ Allison Claire*
                                              ALLISON CLAIRE
                                              UNITED STATES MAGISTRATE JUDGE